**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Mercury Funding, LLC, Petitioner,

v.

Kimberly Chesney, in her official capacity as Tax Collector of Beaufort County, Respondent,

And Jason P. Phillips, in his official capacity as the Anderson County Treasurer and Delinquent Tax Collector; Jill Catoe, in her official capacity as Kershaw County Treasurer and Delinquent Tax Collector; David A. Adams, in his official capacity as Richland County Treasurer and Delinquent Tax Collector; and Jennifer Page, in her official capacity as Lancaster County Delinquent Tax Collector, Intervenors-Respondents.

Appellate Case No. 2020-001572

---

**ORIGINAL JURISDICTION**

---

Opinion No. 28040
Heard May 6, 2021 – Filed June 30, 2021

---

**DECLARATORY JUDGMENT ISSUED**

---

Steve A. Matthews, A. Parker Barnes III, Costa M. Pleicones, Haynsworth Sinkler Boyd, PA, of Columbia; Sarah P. Spruill, Haynsworth Sinkler Boyd, PA, of Greenville, all for Petitioner.

Mary Bass Lohr, Howell Gibson & Hughes, PA, of Beaufort, for Respondent.

Jonathan M. Robinson, Shanon N. Peake, and Austin T. Reed, Smith Robinson Holler DuBose Morgan, LLC, of Columbia; G. Murrell Smith Jr., Smith Robinson Holler DuBose Morgan, LLC, of Sumter, all for Intervenors-Respondents.

---

**PER CURIAM:** We accepted this petition in our original jurisdiction to determine whether Act 174 of 2020 violates the constitutional requirement that "Every Act . . . shall relate to but one subject . . . ."  S.C. Const. art. III, § 17.  We hold Act 174 is unconstitutional.

The South Carolina House of Representatives adopted House Bill 3755 on March 19, 2019, and sent it to the South Carolina Senate.  The Senate amended the bill on second reading, but then deleted the amendments on third reading.  The Senate adopted the bill on September 15, 2020, and returned it to the House of Representatives.  At that time, the bill comprised two sections relating exclusively to the law of automobile insurance.  On September 22, 2020, the House of Representatives amended the bill by adding Section 3, which provided "if real property was sold at a delinquent tax sale in 2019 and the twelve-month redemption period has not expired . . . , then the redemption period for the real property is extended for twelve additional months."  Act No. 174, 2020 S.C. Acts 1422, 1423-24; *see* S.C. Code Ann. § 12-51-90 (2014) ("The defaulting taxpayer . . . may within twelve months from the date of the delinquent tax sale redeem each item of real estate . . . .").  Section 3 also included other details related to the implementation of the extension.  The Senate adopted the amended bill on September 23, 2020, and the Governor signed it as Act 174 on September 30, 2020.

Petitioner filed this action in our original jurisdiction on December 1, 2020, asking that this Court "[g]rant the relief requested in the Complaint, which is to declare that Act 174 with Section 3 included violates S.C. Const. art. III, § 17's 'one subject rule' and that either . . . Section 3 or all of Act 174 is void."  Neither Respondent nor Intervenors-Respondents take any position as to the constitutionality of Act 174.

Both the original petition and the Intervenors-Respondents' petition to intervene were served on the Attorney General of South Carolina as required by Rule 24(c) of the South Carolina Rules of Civil Procedure. *See also* S.C. Code Ann. § 1-7-40 (2005) (providing the Attorney General "shall appear for the State in the Supreme Court . . . in the trial and argument of all causes . . . in which the State is a party or interested"). The Attorney General did not ask to intervene. After oral argument, at the request of the Justices, the Clerk of this Court offered the Attorney General the opportunity to file a brief addressing the merits of the constitutional challenge. The Attorney General declined in writing. No person on behalf of the State appeared in favor of the constitutionality of Act 174.

We find Act 174 relates to two subjects: (1) automobile insurance and (2) the redemption period to follow a tax sale of real property. Therefore, Act 174 is unconstitutional.

The parties requested we consider other issues related to the question for which we accepted original jurisdiction. We decline to do so because we find the other issues should be vetted initially by a trial court. It appears the parties have resolved most of these other issues, but we are concerned those issues might affect the rights of parties not before the Court at this time. Accordingly, we respectfully decline to address any issue other than the constitutionality of Act 174.

**DECLARATORY JUDGMENT ISSUED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**